IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN PABLO UGUNA-SOTAMBA

      Petitioner,

vs.                                                                                    No. CIV 26-0582 JB/GJF

DORA CASTRO, Warden of the Otero County
Processing Center; MARY DE ANDA-YBARRA,
Field Office Director of ICE Enforcement and Removal
Operations, El Paso Field Office;
KRISTI NOEM, Secretary of the
Department of Homeland Security;
PAMELA BONDI, Attorney General,
in their official capacities,

      Respondents.

**MEMORANDUM OPINION AND ORDER SUSTAINING THE FEDERAL
RESPONDENTS' OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 20, 2026 (Doc. 18) ("PFRD") and (ii) the Federal Respondents' Objections to the PFRD, filed May 4, 2026 (Doc. 20)("Objections").[1] The PFRD recommended that the Court grant the Petition as to the second and fourth claims for relief and deny the Petition as to the first and third claims for relief. See PFRD at 32. The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review. See PFRD at 33. On April 27, 2026, the Respondents file a Status Report (Doc. 19), informing the Court that (i) Petitioner Juan Pablo Uguna-Sotamba is

---

[1] The Federal Respondents file Objections. See Objections. Respondent Dora Castro, Warden of the Otero County Processing Center where Petitioner is being held, did not file separate objections but previously notified the Court that she joins the Federal Respondents in all substantive issues. See Clerk's Minutes at 2, filed April 16, 2026 (Doc. 15). The Court refers to the Respondents collectively as "Respondents."

detained in Winn Correctional Center in Winnfield, Louisiana; (ii) the Board of Immigration Appeals ("BIA") issues a ruling dismissing Petitioner's appeal on April 16, 2026; and (iii) Uguna-Sotamba now has a final order of removal.  See Status Report at 1; BIA Decision In Removal Proceedings, filed April 27, 2026 (Doc. 19-1).

On May 4, 2026, the Federal Respondents file their Notice of Changed Circumstances and Objection to Proposed Findings and Recommended Disposition (Doc. 20)("Notice").  The Respondents argue that the premise upon which the PFRD is based is no longer correct.  See Notice at 1. The Respondents argue that, because the BIA has since summarily dismissed Uguna-Sotamba's appeal as untimely and Uguna-Sotamba is subject to a final order of removal, Uguna-Sotamba's detention is now governed by 8 U.S.C. § 1231. See Notice at 2. Consequently, the Respondents contend that this change moots the § 1226(a) bond-hearing remedy recommended in the PFRD.  See Notice at 2.  The Respondents request that the Court dismiss the Petition as moot, or alternatively, dismiss as moot Uguna-Sotamba's requests for pre-final-order custody relief and a § 1226 bond hearing.  See Notice at 2.  They do not object to the PFRD's recommendation that the Court deny Claim One and Claim Three without prejudice.  See Notice at 2.

Uguna-Sotamba does not object to the PFRD.  Uguna-Sotamba also elects not to respond to the Respondents' Objections.  See Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's [PFRD] objections within 14 days after being served with a copy")(emphasis added).  The Court therefore considers these Objections to be fully briefed.

Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court conducts a de novo review of the record and all parts of the Magistrate Judge's PFRD to which Respondents properly object. Having thoroughly considered the PFRD, the Objections, and the Status Report, the Court concludes that, given the BIA's dismissal of Uguna-Sotamba's appeal and the final order of removal, the Petition is now moot and that the Court dismisses the Petition. Consequently, in

light of the changed circumstances, the Court does not adopt the Magistrate Judge's recommended disposition to the extent it recommends granting the second and fourth claims for relief, and the specified remedies. The Court adopts the recommendation to deny the first claim and to deny without prejudice the third claim. The Court therefore sustains the Respondents' Objections, adopts the PFRD to the extent it recommends denying the first and third claims for relief, and rejects the PFRD to the extent it recommends granting the Petition on the second and fourth claims for relief and imposing specified remedies. Accordingly, the Court denies Petitioner's Verified Petition for Writ Habeas Corpus, filed February 26, 2026 (Doc. 1).

## FACTUAL BACKGROUND

No party objects to the PFRD's factual background. Finding those facts not clearly erroneous, the Court therefore adopts them. See Alexander v. Kirkpatrick, 435 F. Supp. 3d 1216, 1221-22 (D.N.M. 2020)(Browning, J.)("Because the parties have not objected to it, the Court does not review the PFRD de novo, but rather reviews [the PFRD] to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.").

Uguna-Sotamba is a 52-year-old Ecuadorian national. See PFRD at 4. He enters the United States without inspection in March, 2000 in California. See PFRD at 4. He moves to New York where he lives for over 20 years and works as a carpenter. See PFRD at 4. On or about December 22, 2024, Uguna-Sotamba's previous employer files an I-140 application on his behalf, which is approved. See PFRD at 5. An I-140 is an "Immigrant Petition for Alien Worker" that proves that the worker qualifies for an employment-based green card and reserves a priority date for a future green card. See PFRD at 5.

On November 13, 2025, ICE-ERO deportation officers are conducting a targeted surveillance operation to locate and arrest an alien -- not Uguna-Sotamba -- pursuant to a Warrant for Arrest (Form I-200). See PFRD at 5. Two officers approach Uguna-Sotamba when he is

-3-

returning to his building.  See PFRD at 5.  They ask him if he is the person they are looking for, and when he responded negatively, they continued to ask him questions about what country he was from.  See PFRD at 5. After ICE officers learn his name, a record check reveals that he entered the United States without inspection and did not have valid immigration documentation authorizing his presence in the country.  See PFRD at 5.  ICE officers then arrested Uguna-Sotamba. See PFRD at 6.  An immigration officer served Uguna-Sotamba with a Warrant for Arrest of Alien (Form I-200) in Uguna-Sotamba's name and dated 11/13/2025. See PFRD at 5. The same evening, an ICE officer served Uguna-Sotamba with a Notice to Appear ("NTA") dated November 13, 2025, but Uguna-Sotamba refused to sign it.  See PFRD at 5.  The NTA charged Uguna-Sotamba as an alien present in the United States who has not been admitted or paroled and who is subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  See PFRD at 5.  DHS transferred him to the Otero County Processing Center on December 13, 2025.  See PFRD at 5.

On January 7, 2026, Uguna-Sotamba files for asylum.  See PFRD at 5. He also files a bond redetermination request.  See PFRD at 5.  On January 8, 2026, the immigration court sent Uguna-Sotamba notice of an individual hearing in his case.  See PFRD at 5.  The immigration judge denied bond on January 30, 2026, based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA Sept. 5, 2025).  See PFRD at 6.  On February 19, 2026, the immigration court found Petitioner removable and inadmissible under Section 212(a)(6)(A)(i) of the INA and denied his application for asylum, for Withholding of Removal under INA § 241(b)(3), and for Withholding of Removal under the Convention Against Torture.  See PFRD at 6.  The immigration judge ordered him removed to Ecuador. See PFRD at 6.  The order noted his appeal was due March 23, 2026. See PFRD at 6.

On February 26, 2026, Uguna-Sotamba filed his Petition under 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651. See

Petition ¶¶ 19-20, at 5.  The Petition contains four claims: (1) violation of the INA for failing to issue Petitioner a warrant prior to his arrest; (2) violation of procedural due process for failing to provide an individualized determination of flight risk and dangerousness before detaining him; (3) violation of substantive due process based on prolonged and continued detention; and (4) violation of 8 U.S.C. § 1226(a) based on improperly detaining him under § 1225(b).  See Petition ¶¶ 69-80, at 17-19.  As for remedies, Uguna-Sotamba requests that the Court: (i) assume jurisdiction; (ii) enjoin his transfer outside the United States; (iii) direct Respondents to show cause within three days why the Petition should not be granted; (iv) order his immediate release pending resolution of this matter; (v) declare his detention unlawful under the Due Process Clause of the Fifth Amendment; (vi) issue a writ of habeas corpus directing his release; and (vii) award reasonable attorney's fees and costs.  See Petition at 20.

On April 9, 2026, Uguna-Sotamba filed a notice of appeal with the BIA.  See PFRD at 7. The BIA accepts his belatedly filed appeal.  See PFRD at 7.  On April 20, 2026, Magistrate Judge Fouratt enters the PFRD.  See PFRD at 1. A week later, on April 27, 2026, Respondents filed a Status Report, informing the Court that the BIA issued a ruling on April 16, 2026, summarily dismissing Uguna-Sotamba's appeal for untimeliness.  See Status Report  at 1. Respondents also notified the Court that Petitioner now has a final order of removal.  See Status Report at 1. Uguna-Sotamba does not submit his own objections, respond to Respondents' Objections, or otherwise contest that the order of removal is final.

## LAW REGARDING OBJECTIONS TO THE PFRD

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule

72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[2]

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060

---

[2] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

(quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz").  The Tenth Circuit has stated that a *de novo* determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.") (quoting 28 U.S.C. § 636(b)(1)).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination,

because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1)) (emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course and in the interests of justice, the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff fails to respond to the Magistrate Judge's PFRD, and thus waives his right to appeal the recommendations, but the Court nevertheless conducts a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the PFRD where " 'the Court cannot say that the Magistrate Judge's recommendation ... is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.' " Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (quoting Workheiser v. City of Clovis, No. CIV 12–0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has

not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court carefully reviews the PFRD, Respondents' Objections thereto, the Status Report, and the relevant pleadings.  The PFRD recommends that the Court deny as moot the Emergency Motion for Temporary Restraining Order, filed April 14, 2026 (Doc. 11), grant the Petition on the second and fourth claims for relief, and deny the Petition as to the first and third claims for relief. The PFRD also recommends that the Court (i) assume jurisdiction over the Petition; (ii) issue a writ of habeas corpus ordering the Respondents to hold an individualized bond hearing before an immigration judge within seven days; (iii) enter an order enjoining Uguna-Sotamba's transfer outside the United States until this habeas petition is finally decided or until Uguna-Sotamba receives a final order of removal, whichever comes first; and (iv) declare Uguna-Sotamba's ongoing detention without a bond hearing to be in violation of the Due Process Clause of the Fifth Amendment.  See PFRD at 32. The PFRD further recommends denying (i) the request to enjoin Uguna-Sotamba's deportation outside the United States; (ii) the request for an order to show cause

requiring a response within three days as moot; and (iii) the request to order Uguna-Sotamba's immediate release from custody. See PFRD at 32-33.

The Respondents do not object to the PFRD's recommendation that the Court deny Claim One and deny Claim Three without prejudice. They also agree that the Court should deny the Emergency Motion for Temporary Restraining Order as moot. The Respondents, however, object to the PFRD "to the extent it recommends granting Claims Two and Four and ordering a bond hearing under § 1226(a)." Objections at 2. They also request that the Court dismiss the Petition as moot or dismiss as moot Petitioner's requests for pre-final-order custody relief and a § 1226 bond hearing. See Objections at 2.

Since the filing of the PFRD, the Court has learned that the BIA dismissed Uguna-Sotamba's appeal, and Uguna-Sotamba now has a final order of removal. The primary issue in the Petition is whether Section 1225 or Section 1226 of the INA authorizes Uguna-Sotamba's detention. Sections 1225 and 1226, however, govern the detention of noncitizens prior to a final order of removal. See Jennings v. Rodriguez, 583 U.S. 281, 287-89 (2018). After an order of removal has become final, § 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The ninety-day removal period starts

> on the latest of the following:
>
> (i)    The date the order of removal becomes administratively final.
>
> (ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A).  The decision from which an appeal to the Board may be taken shall not be executed "while an appeal is pending." 8 C.F.R. § 1003.6(a).

Uguna-Sotamba's BIA appeal has been dismissed and is no longer pending. The order of removal has become administratively final. The basis for Uguna-Sotamba's detention thus shifts to § 1231. The habeas Petition, which is based on detention arising from § 1225 or § 1226, is now moot. As the Court has explained:

> Once the Petitioners receive a final order of removal, the United States ceases to detain the Petitioners or put them on bond under § 1226(a), but instead they transfer to § 1231's statutory authority. At that time, the Court loses jurisdiction to hear the habeas petitions for release under § 1226(a), because the habeas petitions will be moot, and, therefore, at that time the All Writs Act is no longer necessary to prevent the Court from losing jurisdiction which it no longer has. The All Writs Act, therefore, is incapable of preventing the United States from carrying out a lawful order of removal on the basis of protecting the Court's jurisdiction, because the Court will lose jurisdiction for this habeas proceeding once the United States obtains a lawful final order of removal.

Castillo v. De Andra Ybarra, No. CIV 25-1074 JB/JFR, 2026 WL 370497, at *44 (D.N.M. Feb. 10, 2026)(Browning, J.).  Consequently, the Court sustains the Respondents' Objections, does not adopt the PFRD to the extent it recommends granting the second and fourth claims for relief and specified remedies, and adopt the recommendation to deny the first and third claims for relief, but on grounds of mootness.

**IT IS ORDERED** that: (i) the Respondents' Objections, filed May 4, 2026 (Doc. 20), are sustained; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 20, 2026 (Doc. 18), is adopted in part and not adopted in part; (iii) the Petitioner's Emergency Motion for Temporary Restraining Order, filed April 14, 2026 (Doc. 11) is denied; and (iv) Petitioner's Verified Petition for Writ Habeas Corpus, filed February 26, 2026 (Doc. 1), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Rueben Kerben
Kerben Law Firm, P.C.
Kew Gardens, New York

 *Attorney for Petitioner*

Todd Blanche
 Acting United States Attorney General
Ryan Ellison
 First Assistant United States Attorney
Amos Nam
 Assistant United States Attorney
United States Attorney's Office
Las Cruces, New Mexico

 *Attorneys for Respondents Mary De Anda-Ybarra, Kristi Noem, and Pamela Bondi*

Christina Gooch
Sutin, Thayer & Browne
Albuquerque, New Mexico

 *Attorneys for Respondent Ray Terry*